28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Guillermo VELAZQUEZ, Petitioner-Appellant,
v.
Robert G. BORG, et al., Respondents-Appellees.
 No. 93-16129.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 15, 1994.*
Decided May 23, 1994.
 
 1
 Before: FLETCHER and TROTT, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 California state prisoner Guillermo Velazquez appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his conviction for first degree murder. Velazquez contends that: (1) the prosecution failed to prove the elements of aiding and abetting and the evidence was insufficient to support a conviction for aiding and abetting; and (2) the district court erred in finding that Velazquez' constitutional rights were not violated by an erroneous jury instruction regarding the definition of implied malice. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and reverse and remand.
 
 
 4
 Velazquez argues that the prosecution failed to prove the elements of aiding and abetting and the evidence was insufficient to support a conviction for aiding and abetting. This claim was presented neither to the state courts on direct appeal nor to the district court for consideration below.
 
 
 5
 In Rose v. Lundy, 455 U.S. 509, 522 (1982), the U.S. Supreme Court adopted a "total exhaustion rule" and held that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims. However, appellant's failure to raise the sufficiency argument in state court also constitutes a procedural default which precludes federal habeas review. Engle v. Issac, 456 U.S. 107 (1982).
 
 
 6
 On direct appeal, Velazquez raised a preclusion argument based on his codefendant's not guilty verdict, but did not challenge the sufficiency of the evidence supporting his own aiding and abetting conviction. The latter claim clearly could have been raised on appeal, but was not. In California, this constitutes default of the claim. People v. Sumstine, 36 Cal.3d 909, 920, 206 Cal.Rptr. 707, 714, 687 P.2d 904 (1984). See also In re Dixon, 41 Cal.2d 756, 759, 264 P.2d 513, 514 (1953).
 
 
 7
 In all cases in which a state prisoner's federal claims were not raised in state court and are therefore defaulted pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).
 
 
 8
 The district court made no findings to this effect because the issue was not raised. Therefore, the judgment of the district court is reversed and the case is remanded for a hearing and further findings regarding cause and prejudice for Velazquez' failure to raise the claim based on insufficient evidence of aiding and abetting in the state proceedings.
 
 
 9
 Because we reverse and remand on the procedural default issue, we do not reach appellant's remaining issues.
 
 
 10
 The judgment of the district court is REVERSED and the case is REMANDED for further proceedings consistent with this decision.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3